UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY TYRONE COTTON,

        Plaintiff,

-vs-                                      Case No. 8:05-cv-1608-T-17TGW

POLK COUNTY SHERIFF'S OFFICE;
JACKSON COUNTY SHERIF'S OFFICE;
QUINCY CORRECTIONAL INSTITUTION,

        Defendants.
_____/

## ORDER

      Pro se prisoner Plaintiff, who is presently incarcerated at the Falkenburg Road Jail, Hillsborough County, Florida, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983.

      Plaintiff alleges that in April 2002, upon his arrival at Quincy Correctional Institution, he was informed of a detainer warrant. He further alleges that in May 2002, he received certified letters from "the Polk County Sheriff's Office and Courts" of charges and a plea bargain. He contends that, to the best of his knowledge, the charges carried the same case number to which he had pled in 2001. He contends that, in the earlier charge, by pleading he was to be unconditionally released, receiving a 60 day-sentence concurrent to his present sentence. He alleges that after 60 days, he received a letter informing him he was to be released on "those charges."

      Plaintiff states that on August 7, 2002, Jackson County Sheriff's Department arrested him at Quincy Correctional Institution on a warrant with no knowledge of who, what, or where it "was from." He contends that after 14 days in Jackson County Jail, with

no arraignment, the Polk County Sheriff's Office transported him to Bartow, Florida, to be booked and fingerprinted for charges . Plaintiff does not state what the charges were. He does contends that he showed "Classification" court-ordered documents [unintelligible word, but appears to be warranting] "my release." He claims that Classification agreed that he should not have been taken from Quincy Correctional Institution and began to release him when the warrant "showed for Hillsborough County." He alleges that Hillsborough County cleared him of the warrant for mistaken identity, but that he had spent more than 25 days in the Polk County Jail, thus disqualifying him for any kind of E.O.S. benefits of clothes, a bus ticket, $100, "leaving me virtually helpless and vulnerable." He alleges that his release date from Quincy Correctional Institution was August 9, 2002.

As relief, Plaintiff seeks to have this Court allow him to sue the Defendants in this matter.

## DISCUSSION

Because Plaintiff is seeking redress from a governmental entity, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides as follows:

(a) Screening. -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.*

A review of the complaint demonstrates that, for the following reasons, Plaintiff's complaint must be **DISMISSED**, for several reasons.

First, the Jackson County Sheriff's Office and Quincy Correctional Institution are located in the United States District Court for the Northern District of Florida. Therefore, Plaintiff's claims against these Defendants must be filed in the United States District for the Northern District of Florida.

Second, in Monell v. Department of Social Services, the Supreme Court held that Congress "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690 (1978). The question here, however, is not whether the Polk County Sheriff's Office [Department] is a person within the meaning of Monell, but whether the Department is a legal entity capable of being sued. Dean v. Barber, et. al., 951 F.2d 1210, 1214 (11th Cir. 1992). As the Dean Court pointed out, sheriff and police departments are not usually considered legal entities subject to suit, id., see also, Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984); however, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."

Fed.R.Civ.P. 17(b); see also, Dean at 1214; Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986).

Local government entities can be sued for violations of constitutional rights, see Monell at 690; Pembaur v. City of Cincinnati, 475 U.S. 469, 484 n. 12 (1986); however, the violation must bear some relation to the entities' "policies or customs." Monell at 690-91; see City of St. Louis v. Praprotnik, 485 U.S. 112, 124 n. 1 (1988). The contours of an entity's liability have been delineated in cases arising after Monell and vary greatly from state to state. Praprotnik, 485 U.S. at 123; compare, Dean, 951 F.2d at 1214-15 (holding that a Sheriff was a state employee and thus the correct party in interest was the state); with Strickler v. Waters, 989 F.2d 1375 (4th Cir.), cert. denied, 510 U.S. 949 (1993) (holding that neither the city nor the state was responsible for the actions of the Sheriff, because, as a state constitutional officer, [as is Florida's Sheriff], the Sheriff served independent of the municipal, county, or state government); and Zook v. Brown, 865 F.2d 887, 895 (7th Cir. 1989) (concluding that by county delegation and approval, the sheriff was responsible for establishing final county policy on discipline for the county and therefore was the proper party).

Florida has examined the question as to the correct party in interest as it pertains to police departments and found the city or municipal corporation to be the proper party. See Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990); Florida City Police Dept. v. Corcoran, 661 So.2d 409 (Fla. 3d DCA 1995). In so finding, the courts have reasoned that the police department is the vehicle through which the city fulfills its policing functions. Therefore, the Florida courts have found that the city police department is not

a legal entity and has no legal existence separate and apart from the city. Corcoran, 661 So.2d at 410.

The ultimate determination of the proper party involving governmental entities in a § 1983 action depends upon who had final policy making authority. Justice O'Connor set forth the "guiding principles" in Pembaur:

> First, . . . municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." Second, only those municipal officials who have "final policy making authority" may by their actions subject the government to § 1983 liability. Third, whether a particular official has "final policy making authority" is a question of state law. Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business.

475 U.S. at 123. Justice O'Connor added that state law would not always "speak with clarity." Id. at 125.

The Praprotnik test indicates that liability relies more on final policy making authority than on technical characterizations of officials as state or county employees. Dotson v. Chester, 937 F.2d 920 (4th Cir. 1991). Thus, a "corollary proposition" is "whether an official acts on behalf of the county or the state." Owens v. Fulton Co., 877 F.2d 947, 950 (11th Cir. 1989). Additionally, the Supreme Court recognized in Pembaur that, under appropriate circumstances, a Sheriff can establish final policy. 475 U.S. at 484 n. 12.

Although this Court has held that the Sheriff's Department lacks the capacity to be sued, there is no need to examine who is the proper party in this case, (the Sheriff's Department, Sheriff, County, or State) because Plaintiff's complaint against the Polk County Sheriff's Office makes no claim that the allegedly unconstitutional actions "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and

promulgated by that body's officers," or that the alleged deprivations were taken pursuant to a persistent and widespread custom.  Monell, at 690-691.  As Plaintiff Cotton does not allege that the Sheriff's Department promulgated an official office or departmental policy relative to his complaint,  Plaintiff fails to allege a policy violation sufficient to sustain an action against the Sheriff's Office under § 1983.

Third, Plaintiff has not shown that any Defendant violated his constitutional rights because Plaintiff has not alleged that he has a constitutional right to a bus ticket, cash, clothes, or transportation when he is released from confinement.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed.   The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff is assessed the $250.00 filing fee.   The Clerk is directed to send a copy of this order to Inmate Accounting at the Falkenburg Road Jail, Hillsborough County, Florida.

ORDERED in Tampa, Florida, on September 8, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Gregory Tyrone Cotton